United States Court of Appeals
Fifth Circuit

**F I L E D**

November 21, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-60242
Summary Calendar

———————————————

GONG FU LI,

      Petitioner,

versus

JOHN ASHCROFT, U. S. ATTORNEY GENERAL,

      Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A72 368 932
--------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Gong Fu Li ("Li"), a native and citizen of the People's Republic of China, petitions this court for review of the Board of Immigration Appeal's ("BIA") summary affirmance of the Immigration Judge's ("IJ") decision denying his applications for asylum and withholding of removal. Li argues that the IJ's decision is not supported by substantial evidence because he is eligible for asylum and withholding of removal due to his wife's involuntary sterilization.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because the IJ found that Li did not meet the statutory definition of a "refugee" and was, therefore, ineligible for asylum and withholding of removal even assuming that Li's testimony was credible, there are no credibility determinations at issue in this matter.[1]  Assuming Li's statements to be true, the involuntary sterilization of Li's wife constituted past persecution of Li.[2] This created regulatory presumptions that Li had a well-founded fear of future persecution and that Li's life or freedom would be threatened in China in the future.[3]  As there was no evidence that conditions had changed in China or that Li could avoid persecution by relocating within China, the presumptions were not rebutted.[4] Thus, Li was eligible for asylum and withholding of removal.[5]

While the IJ's factual finding that Li left China for reasons other than the sterilization of his wife was supported by substantial evidence, his legal conclusion that Li did not meet the statutory definition of refugee for this reason was erroneous.  The statutory definition of refugee does not require Li to have left

---

[1] *See Mikhael v. INS*, 115 F.3d 299, 303 (5th Cir. 1997).

[2] *See In re C-Y-Z-*, 21 I. & N. Dec. 915, 917-18 (B.I.A. 1997); 8 U.S.C. § 1101(a)(42).

[3] *See* 8 C.F.R. §§ 208.13(b)(1), 208.16(b)(1)(i).

[4] *See* 8 C.F.R. §§ 208.13(b)(1)(i) & (ii), 208.16(b)(1)(i) & (ii).

[5] *See* 8 U.S.C. §§ 1101(a)(42), 1231(b)(3)(A).

2

China for any particular reason.[6]  As the IJ did not make any finding regarding Li's reasons for being unwilling to return to China, the court need not consider whether such a finding is supported by substantial evidence.[7]  Furthermore, Li was not required to demonstrate "compelling reasons for being unwilling to return resulting from the severity of the past persecution unless the presumption under 8 C.F.R. § 208.13(b)(1)(i) ha[d] been rebutted by the [INS]."[8]  Therefore, the IJ's determinations that Li was ineligible for asylum and withholding of removal were based upon an error of law.[9]

The BIA's summary affirmance of the IJ's denial of Li's applications for asylum and withholding of removal is REVERSED and this matter is REMANDED to the BIA for further proceedings.

---

[6] *See* 8 U.S.C. § 1101(a)(42).

[7] *See Mikhael*, 115 F.3d at 303.

[8] *In re C-Y-Z-*, 21 I. & N. Dec. at 919.

[9] *See id*. at 917-20; *see also He v. Ashcroft*, 328 F.3d 593, 604 (9th Cir. 2003).